United States District Court
Southern District of Texas
**ENTERED**
April 22, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff<br><br>v.<br><br>STEVEN DEON WILLIAMS,<br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CRIMINAL NO. 2:12-539 |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Steven Deon Williams' Emergency Request for Immediate Release in Light of Heightened Risk for COVID-19. D.E. 35.

## I. BACKGROUND

In 2013, Defendant was sentenced to 188 months' imprisonment after pleading guilty to possession with intent to distribute 136.3 kilograms of marijuana. He has served roughly 94 months of his sentence (50%) and has a projected release date of October 27, 2025. Citing the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, Defendant now moves the Court to order his immediate release to home confinement because he fears contracting COVID-19 while in prison.

## II. LEGAL STANDARD

In a March 26, 2020 Memorandum, General Barr directed the BOP Director to "prioritize the use of your various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic." March 26, 2020 Memo from the Attorney General, *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic*, available at https://www.justice.gov/

1

coronavirus/DOJresponse (last visited 4/22/2020). The March 26 directive was limited to *eligible* "at-risk inmates who are non-violent and pose minimal likelihood of recidivism and who might be safer serving their sentences in home confinement rather than in BOP facilities." *Id.*

On March 27, 2020, the CARES Act was signed into law. Pre-CARES Act, the Bureau of Prisons (BOP) was authorized to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Under the CARES Act:

> (2) HOME CONFINEMENT AUTHORITY.—During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act § 12003(b)(1)(B)(2).

General Barr issued another Memorandum on April 3, 2020, "finding that emergency conditions are materially affecting the functioning of the [BOP]" and "expand[ing] the cohort of inmates who can be considered for home release." April 3, 2020 Memo from the Attorney General, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19*, available at https://www.justice.gov/coronavirus/DOJresponse (last visited 4/22/2020). General Barr directed the BOP Director to review all inmates with COVID-19 risk factors—not only those who were previously eligible for home confinement—starting with inmates incarcerated at FCI

Oakdale, FCI Danbury, FCI Elkton, and similarly situated facilities where COVID-19 is materially affecting operations. *Id.* All at-risk inmates at such facilities who are deemed suitable for home confinement shall be immediately processed, transferred to an appropriate BOP facility for a 14-day quarantine, and released to home confinement. *Id.*

## III. ANALYSIS

While the CARES Act allows the BOP Director to lengthen the amount of time a prisoner may be placed in home confinement, nothing in the Act grants individual prisoners the right to serve the remainder of their sentence in home confinement.[1] The BOP still has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B). Defendant's initial remedy to challenge this determination is by administrative action within the BOP. The proper vehicle to thereafter challenge the BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241, which must be filed in the same district where the prisoner is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Defendant is currently incarcerated in Fort Worth, Texas, which is located in the Northern District of Texas. Thus, assuming Defendant remains incarcerated in Fort Worth, he should file any § 2241 petition in that court after first exhausting his administrative remedies.

To the extent Defendant seeks a sentence reduction, he should file a motion pursuant to 18 U.S.C. § 3582(c) in this Court, also after first exhausting his administrative remedies.

---

1. Even if it did, Defendant has offered no evidence that he is considered at-risk for COVID-19 complications or that he is being housed at a facility where COVID-19 is materially affecting operations.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Emergency Request for Immediate Release in Light of Heightened Risk for COVID-19 (D.E. 35) is **DENIED**.

So **ORDERED** on ____4/22/2020____.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE